THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| L-W AUBURN CO., a California general partnership,<br><br>Plaintiff,<br><br>v.<br><br>HOLLINGSWORTH LOGISTICS GROUP, L.L.C., a Michigan limited liability company,<br><br>Defendant. | Case No. 2:23-cv-00051-JLR<br><br>**STIPULATED AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [~~PROPOSED~~] ORDER** |

The Parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.    General Principles**

1.    An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.    As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

STIPULATED AGREEMENT RE DISCOVERY OF ESI
CASE NO. 2:23-CV-00051-JLR - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711

B.      **ESI Disclosures**

Within 30 days of entry of this Order, or at a later time if agreed to by the Parties, each Party shall disclose:

1.      <u>Custodians</u>. The five custodians most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of information under the custodian's control.

2.      <u>Non-custodial Data Sources</u>. A list of non-custodial data sources (*e.g.*, shared drives, servers), if any, likely to contain discoverable ESI.

3.      <u>Third-Party Data Sources</u>. A list of third-party data sources, if any, likely to contain discoverable ESI (*e.g.*, third-party email providers, mobile device providers, cloud storage) and, for each such source, the extent to which a Party is (or is not) able to preserve information stored in the third-party data source.

4.      <u>Inaccessible Data</u>. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a Party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

C.      **ESI Discovery Procedures**

1.      <u>On-site Inspection of Electronic Media</u>. Such an inspection shall not be required absent a demonstration by the requesting Party of specific need and good cause or by agreement of the Parties.

2.      <u>Search Methodology</u>. This matter is not anticipated to be document intensive and it is not anticipated that either Party possesses large volumes of ESI. Therefore, the common method of identifying numerous custodians and developing comprehensive but targeted search criteria through an iterative process is unnecessary and not proportional to the needs of the case. Instead, the Parties agree to work together to develop a transparent and cooperative process for identifying and producing their respective ESI consistent with the

STIPULATED AGREEMENT RE DISCOVERY OF ESI
CASE NO. 2:23-CV-00051-JLR - 2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711

following procedure: Within ten (10) days of receiving any request for production, the Party receiving such request (the "Producing Party") shall schedule a meet and confer with the other Party to propose an economical and efficient method of identifying and producing responsive ESI. During the meet and confer, the Producing Party shall provide a summary of its plan for (a) identifying the custodians and location of potentially relevant ESI, (b) the process by which the potentially relevant ESI will be obtained and reviewed, (c) any limitations or criteria to be applied to the ESI (such as date ranges, domain name limitations, file types, etc.), and (d) the anticipated time needed to complete the production. The Parties shall work together in good faith to resolve any disagreements or disputes regarding the method of identifying responsive ESI, and shall continue to cooperate in revising the appropriateness of the methodology as discovery proceeds.

    3.    <u>Format</u>.

        a.    ESI will be produced to the requesting Party with searchable text, in a format to be decided between the Parties. Acceptable formats include, but are not limited to, native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files), and searchable PDFs.

        b.    Unless otherwise agreed to by the Parties, files that are not easily converted to image format, such as spreadsheet, database, and drawing files, will be produced in native format.

        c.    Each document image file shall be named with a unique number (Bates Number). File names should not be more than twenty characters long or contain spaces. When a text-searchable image file is produced, the producing Party must preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history.

STIPULATED AGREEMENT RE DISCOVERY OF ESI
CASE NO. 2:23-CV-00051-JLR - 3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711

   d. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

   e. The Parties shall produce their information in the following format: single-page images and associated muti-page text files containing extracted text or with appropriate software load files containing all information required by the litigation support system used by the receiving Party.

   f. The full text of each electronic document shall be extracted ("Extracted Text") and produced in a text file. The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language) and shall be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

 4. <u>De-duplication</u>. The Parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting Party, and the duplicative custodian information removed during the de-duplication process tracked in a duplicate/other custodian field in the database load file.

 5. <u>Email Threading</u>. The Parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members and may exclude lesser inclusive copies. Upon reasonable request, the producing Party will produce a less inclusive copy.

 6. <u>Metadata Fields</u>. If the requesting Party seeks metadata, the Parties agree that only the following metadata fields need to be produced, and only to the extent it is reasonably accessible and non-privileged: document type; custodian and duplicate custodians (or storage location if no custodian); author/from; recipient/to, cc and bcc; title/subject; email subject; file name; file size; file extension; original file path; date and time created, sent, modified and/or received; and hash value. The list of metadata type is intended to be flexible and may be

STIPULATED AGREEMENT RE DISCOVERY OF ESI
CASE NO. 2:23-CV-00051-JLR - 4

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

changed by agreement of the Parties, particularly in light of advances and changes in technology, vendor, and business practices.

7. <u>Hard-Copy Documents</u>. If the Parties elect to produce hard-copy documents in an electronic format, the production of hard-copy documents will include a cross-reference file that indicates document breaks and sets forth the custodian or custodian/location associated with each produced document. Hard-copy documents will be scanned using Optical Character Recognition technology and searchable ASCII text files will be produced (or Unicode text format if the text is in a foreign language), unless the producing Party can show that the cost would outweigh the usefulness of scanning (for example, when the condition of the paper is not conducive to scanning and will not result in an accurate or reasonably useable/searchable ESI). Each file will be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

**D.    Preservation of ESI**

The Parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the Party's possession, custody, or control. With respect to preservation of ESI, the Parties agree as follows:

1. Absent a showing of good cause by the requesting Party, the Parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the Parties shall preserve all discoverable ESI in their possession, custody, or control.

2. The Parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)-(2)).

STIPULATED AGREEMENT RE DISCOVERY OF ESI
CASE NO. 2:23-CV-00051-JLR - 5

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711

3. Absent a showing of good cause by the requesting Party, the following categories of ESI need not be preserved:

    a. Deleted, slack, fragmented, or other data only accessible by forensics.

    b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

    c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

    d. Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

    e. Back-up data that are duplicative of data that are more accessible elsewhere.

    f. Server, system or network logs.

    g. Data remaining from systems no longer in use that is unintelligible on the systems in use.

    h. Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop, computer, or "cloud" storage).

**E.   Privilege**

1. A producing Party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or expected by this Agreement and Order. Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing Party shall include such additional information as required by the Federal Rules of Civil Procedure. Privilege logs will be produced to all other

STIPULATED AGREEMENT RE DISCOVERY OF ESI
CASE NO. 2:23-CV-00051-JLR - 6

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711

Parties no later than 30 days after delivering a production unless an earlier deadline is agreed to by the Parties.

      2.      Redactions need not be logged so long as the basis for the redaction is clear on the redacted document.

      3.      With respect to privileged or work-product information generated after the filing of the Complaint, the Parties are not required to include any such information in privilege logs.

      4.      Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

      5.      Pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing Party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing Party, and its production shall not constitute a waiver of such protection.

STIPULATED AGREEMENT RE DISCOVERY OF ESI
CASE NO. 2:23-CV-00051-JLR - 7

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711

Dated this 7th day of March, 2023.

| | |
|---|---|
| SCHWABE, WILLIAMSON & WYATT, P.C. | VERIS LAW GROUP PLLC |
| By: | By: |
| *s/ Troy Greenfield* <br> Troy Greenfield, WSBA #21578 <br> Email: tgreenfield@schwabe.com | *s/ Gregory T. Hixson* <br> Gregory T. Hixson, WSBA #39223 <br> Email: greg@verislawgroup.com |
| By: | By: |
| *s/ Cynthia S. Park* <br> Cynthia S. Park, WSBA #58012 <br> Email: cpark@schwabe.com <br> 1420 5th Avenue, Suite 3400 <br> Seattle, WA 98101-4010 <br> Telephone: 206.622.1711 <br> Fax: 206.292.0460 | *s/ Hannah M. Solomon* <br> Hannah M. Solomon, WSBA #56474 <br> Email: hannah@verislawgroup.com <br> 1809 Seventh Avenue, Suite 1400 <br> Seattle, WA 98101 <br> Telephone: 206.829.9590 |
| By: | *Attorneys for Defendant* |
| *s/ Rebecca H. Williams* <br> Rebecca H. Williams, CSB #328320 <br> Email: bwilliams@allenmatkins.com <br> Allen Matkins Leck Gamble Mallory & Natsis LLP <br> 600 West Broadway, 27th Fl. <br> San Diego, CA 92101 <br> Telephone: 619.233.1155 | |
| *Attorneys for Plaintiff* | |

STIPULATED AGREEMENT RE DISCOVERY OF ESI
CASE NO. 2:23-CV-00051-JLR - 8

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

**ORDER**

Based on the foregoing, IT IS SO ORDERED.

DATED this 8th day of March, 2023,

_____
THE HONORABLE JAMES L. ROBART
UNITED STATES DISTRICT JUDGE

STIPULATED AGREEMENT RE DISCOVERY OF ESI
CASE NO. 2:23-CV-00051-JLR - 9

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711