UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| L-W AUBURN CO., a California general partnership,<br><br>        Plaintiff,<br><br>    v.<br><br>HOLLINGSWORTH LOGISTICS GROUP LLC, a Michigan limited liability company,<br><br>        Defendant. | CASE NO. 2:23-cv-51<br><br>ORDER |
| HOLLINGSWORTH LOGISTICS LLC, a Michigan limited liability company,<br><br>        Counter-Claimant,<br><br>    v.<br><br>L-W AUBURN CO., a California general partnership,<br><br>        Counter-Defendant. | |

Before the Court is the parties' Local Civil Rule 37 joint submission regarding their ongoing discovery dispute about the adequacy of Defendant and Counter-Claimant Hollingsworth Logistics LLC's ("Hollingsworth") responses to Plaintiff

ORDER - 1

and Counter-Defendant L-W Auburn Co.'s ("L-W Auburn") interrogatories. Dkt. Nos. 45, 50. The Court held oral argument over Zoom on August 7, 2024. Dkt. No. 53.

L-W Auburn argues Hollingsworth's responses "improperly include objections" and "incorporate extraneous information by reference." Dkt. No. 50 at 4. "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). "Indeed, courts in this [D]istrict disfavor the use of prefatory 'general objections' that lack any specificity and that are completely untethered from any discovery request." *Box Robison v. Allstate Fire & Cas. Ins. Co.*, No. 23-CV-216, 2024 WL 1343107, at *1 (W.D. Wash. Mar. 29, 2024); *see, e.g.*, *Homesite Ins. Co. of the Midwest v. Howell,* No. 2:21-CV-01389-JHC, 2022 WL 17601176, at *3-4 (W.D. Wash. Dec. 13, 2022); *BBC Grp. NV LLC v. Island Life Rest. Grp. LLC*, No. C18-1011 RSM, 2019 WL 2326212, at *4 (W.D. Wash. May 31, 2019); *Weidenhamer v. Expedia, Inc.*, No. C14-1239RAJ, 2015 WL 1292978, at *7-8 (W.D. Wash. Mar. 23, 2015).

In its response to Interrogatory 23, Hollingsworth begins by "incorporat[ing] its General Objections." Dkt. No. 50 at 8. Hollingsworth then objects to Interrogatory 23 as "vague, ambiguous, overbroad, unduly burdensome, and oppressive" and "to the extent that it purports to call for or contains legal conclusions and/or legal or factual assumptions that are incorrect, in dispute, or not in evidence." *Id.* at 8-9, 16. For Interrogatories 24, 25, 26, 28, 29, 31, Hollingsworth "incorporates its General Objections" *Id.* at 28, 40, 47, 55, 66, 69, 72, 76, 78.

ORDER - 2

These general objections do not explain the basis of the objection—they are boilerplate assertions. *See Vanguard Logistics v. Robinson*, No. CV 20-9880 JAK (PVCX), 2024 WL 1171654, at *7 (C.D. Cal. Mar. 6, 2024) (quoting *Clark v. City of Los Angeles*, No. CV 20-10768, 2021 WL 4731353, at *12 (C.D. Cal. Aug. 23, 2021) ("[I]ncorporating by reference 'is entirely improper in federal court.'")). Although the objection issue is moot at this point because both parties informed the Court that Hollingsworth has withheld no information on the basis of its objections, the Court cautions Hollingsworth that such generalized objections are "per se sanctionable" conduct in this district. *See Weidenhamer*, No. C14-1239RAJ, 2015 WL 1292978, at *8.

Turning to the substance of Hollingsworth's interrogatory responses, L-W Auburn argues they "improperly respond in a high level/conclusory fashion and lack the particularity required by the Interrogatories[.]" Dkt. No. 50 at 4. Parties have an obligation to answer each non-objectionable interrogatory "fully" and without evasion. Fed. R. Civ. P. 33(b)(3). The purpose being to learn facts and narrow and clarify the issues in dispute, *Hickman v. Taylor*, 329 U.S. 495, 501 (1947), and to "make a trial less a game of blind man's buff and more a fair contest," *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958).

The Court has reviewed the responses at issue and does not find them to be so unrevealing or lacking in particularity as to be considered incomplete or evasive. *See* Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."). To the contrary, Hollingsworth has already supplemented its responses *three* times, which

shows a "conscientious endeavor" on Hollingsworth's part to fully respond. *Parrott v. Wilson*, 707 F.2d 1262, 1273 n.26 (11th Cir. 1983) (quoting 8 C. Wright & A. Miller, Federal Practice & Procedure: Civil § 2177 (1970)). L-W Auburn would have Hollingsworth lay out its responses to Interrogatory No. 23 and 26 in serial fashion or in an enumerated list, but a narrative response is sufficient under the rules. *See Kaneka Corp. v. Zhejiang Med. Co.,* No. CV 11-2389 SJO (SS), 2016 WL 11266869, at *8 (C.D. Cal. Oct. 18, 2016) ("If Plaintiff is unable to identify the specific documents sufficient to respond to the question asked by Interrogatory No. 2, a narrative response is both more practical and required by the Rules.")

If L-W Auburn still finds Hollingsworth's responses lacking, it may use other discovery devices to pin down a more adequate response. And if the details of Hollingsworth's claims remain scarce, L-W Auburn may argue in a later motion or perhaps at trial that Hollingsworth lacks crucial evidence to support its case. Hollingsworth has also acknowledged its duty to supplement its responses promptly. *See* Fed. R. Civ. P. 26(e). So, if Hollingsworth were to produce more specific responses to these interrogatories without a reasonable explanation about why it did not produce such information earlier, it may be subject to sanctions. *See* Fed. R. Civ. P. 37(c)(1).

Accordingly, the Court DENIES L-W Auburn's motion to compel.

Dated this 12th day of August, 2024.

Jamal N. Whitehead
United States District Judge

ORDER - 4