UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| L-W AUBURN CO., a California general partnership,<br><br>                Plaintiff,<br><br>   v.<br><br>HOLLINGSWORTH LOGISTICS GROUP LLC, a Michigan limited liability company,<br><br>                Defendant. | CASE NO. 2:23-cv-51<br><br>ORDER |

## 1. INTRODUCTION

This matter comes before the Court on several related case scheduling motions: Plaintiff L-W Auburn Co. moves for leave to file a second amended complaint, Dkt. No. 61; L-W Auburn moves to extend the expert disclosure deadline *nunc pro tunc*, Dkt. No. 66; and both parties seek an extended briefing schedule to file cross-motions for summary judgment, Dkt. No. 74. Because the parties fail to demonstrate good cause, the Court DENIES all motions.

ORDER - 1

## 2. BACKGROUND

The Court has modified the case schedule—at the parties' request—multiple times. L-W Auburn filed its complaint on January 10, 2023, and the Court set a jury trial for June 24, 2024. Dkt. Nos. 1, 14. In January 2024, the parties filed a stipulated motion seeking a continuance, citing the need to "receiv[e] documents from third parties," which "impacted the parties' ability to conduct" other discovery. Dkt. No. 25 at 1. They also cited a "family matter" as grounds for the requested continuance. *Id.* The Court granted the motion and continued the trial to October 7, 2024. Dkt. No. 28. A few months later, after a failed mediation, the parties moved to amend the complaint and counterclaims, and to extend other pretrial deadlines. Dkt. No. 29. The Court granted their request, but rather than adopting the compressed case schedule proposed by the parties, the Court continued the trial date to January 6, 2025, and extended the pretrial deadlines accordingly. Dkt. No. 30.

In May 2024, the parties filed another joint stipulation requesting a trial continuance—this time due to counsel's conflicting trial schedule. Dkt. No. 39. Once again, the Court granted the request and continued the trial to February 5, 2025. Dkt. No. 40. In July 2024, the Court granted the parties' stipulated motion to extend the expert disclosure and discovery motions deadlines. Dkt. No. 48. The Court also granted the parties' stipulated motion allowing Hollingsworth to file amended affirmative defenses. Dkt. No. 55.

On October 4, 2024, despite the previous continuances, the parties again moved to continue the trial date, citing a desire to focus on an upcoming mediation

rather than trial preparation. Dkt. No. 58 at 1. The Court denied the requested relief, finding good cause lacking for yet another trial continuance. Dkt. No. 59. Even so, to grant the parties some relief, the Court extended the deadline for dispositive motions and motions challenging expert witness testimony by one month to December 1, 2024. *Id.* The Court held a status conference at the parties' request so they could make their case for a third trial continuance—effectively a motion for reconsideration—but the parties failed to identify good cause for another extension. Dkt. No. 64.

Now, L-W Auburn moves for leave to file a second amended complaint and to extend the expert disclosure deadline after the relevant deadlines have passed. And the parties join in proposing a briefing schedule for cross summary judgment motions.

### 3. DISCUSSION

A district court may modify a scheduling order for good cause. Fed. R. Civ. P. 16(b)(4). Good cause exists if the pretrial schedule "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment. Accordingly, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." LCR 16(b)(6).

Here, L-W Auburn argues good cause exists for a second amendment because the need to amend arose in March 2024 when Hollingsworth filed its counterclaim,

after the amendment deadline in December 2023. While this may be so, L-W Auburn provides no rational for waiting nearly seven months before seeking leave to amend. L-W Auburn also argues Hollingsworth will not be prejudiced by this amendment, but again, this misses the mark given that the Court primarily considers the moving party's diligence in deciding whether to grant such requests.

L-W Auburn also claims it agreed to a different timeline with respect to expert disclosures. Specifically, L-W Auburn's counsel states Hollingsworth's counsel agreed that "unless [they] hear[d] otherwise from the Court beforehand," they would "perform initial expert exchanges on [November 1] and rebuttal exchanges on [November 15]." Dkt. No. 67-2 at 5. Hollingsworth's counsel denies any such agreement. Dkt. No. 69-1 at 1. Whether the parties agreed on this score makes no difference in the Court's analysis, since L-W Auburn must establish good cause for changing the expert disclosure deadlines. Even assuming an agreement between the parties, the Court finds good cause lacking here in the face of the many, prior extensions.

Finally, the parties request an extended briefing schedule for to allow for cross-motions for summary judgment. The parties are to be applauded for proposing a joint briefing schedule, and ordinarily the Court would grant endorse any reasonable schedule, but not under these circumstances. The parties' proposed schedule would leave the Court with just 26 days to rule on two summary judgment motions when 90-120 days is the norm in this district. The Court has many other matters pending and it will not compress its time further, taking away from other cases, to accommodate the parties here.

ORDER - 4

# 4. CONCLUSION

Accordingly, the Court DENIES all pending motions, Dkt. Nos. 61, 66, 74, for lack of good cause.

Dated this 27th day of November, 2024.

Jamal N. Whitehead
United States District Judge